Newman v. Beckwith.

SIDNEY A. NEWMAN, Respondent, *v.* FRANCIS X. BECKWITH, Appellant.

(GENERAL TERM, FOURTH DEPARTMENT, JUNE, 1871.)

Upon the death of an ex-sheriff, after his successor has been elected or appointed, his under sheriff is vested with the powers remaining in his principal to execute the unfinished business of the latter's office.

And the late ex-sheriff's estate and sureties, alone, are liable to a party injured, for the defaults and misfeasances in office of his under sheriff, happening after his principal's death.

Newman *v.* Beckwith.

Accordingly, where an ex-sheriff died, having in hand an execution for money upon a judgment in an action, wherein the property of the judgment debtor had been attached by him, and his under sheriff executed the writ and collected the money due,—*Held*, that an action would not lie against the under sheriff, by the owner of the judgment, to recover the money collected, but that recovery should have been made of the deceased ex-sheriff's estate and his sureties.

THIS was an appeal by the defendant from a judgment entered against him upon the report of a referee.

The action was brought by the plaintiff as assignee of a judgment to recover money collected by the defendant upon two executions. It appeared that one Van Voorhies and others had commenced an action in the Supreme Court against one Sarton on the 7th December, 1867, in which an attachment was issued to the sheriff of Monroe county, under which the defendant, as under sheriff of such county, attached property of Sarton sufficient to satisfy the claim made in the complaint. That the term of office of the then sheriff, Alonzo Chapman, expired December 31st, 1867, but that he retained possession of the attached property, and undertook to complete the collection of the Van Voorhies' claim, and on the 22d June, 1868, judgment was recovered in the action and execution issued and delivered to Chapman. That Chapman died October 9, 1868, and a further judgment was recovered December 14th, 1868, by *Van Voorhies and others* v. *Sarton*, on appeal in the same action for costs, upon which execution was issued and delivered to the defendant, who undertook to execute the same as under sheriff of the deceased ex-sheriff Chapman. That the amount of the judgments was made by the defendant upon the executions, and that he paid over to the plaintiff's assignor a portion of the amount received, but refused payment of the balance.

*J. A. Stull*, for the appellant.

*John Van Voorhies*, for the respondent.

Present—MULLIN, P. J., JOHNSON and TALCOTT, JJ.

MULLIN, P. J.   The sheriffs of the several counties of the State are authorized to appoint under sheriffs.  (1 Statutes at Large, 352, § 71.)   By section 72 of the same article, it is provided that whenever a vacancy shall occur in the office of sheriff, the under sheriff shall in all things execute the office of sheriff until a sheriff shall be elected or appointed, and duly qualified, and any default or misfeasance in office of such under sheriff, in the meantime as well as before, shall be deemed to be a breach of the condition of the bond given by the sheriff, and also a breach of the condition of the bond of such under sheriff.   This section was intended to apply to a vacancy in the office of sheriff occurring while the term for which he was elected or appointed is running, and does not in terms apply to a vacancy occurring in the office of one whose term has expired, and to whom a successor has been elected or appointed, which successor has duly qualified.

There can be but one sheriff in a county.  A part of the duties of the sheriff remain with the one whose term has expired in order to enable him to complete the execution of process, &c., begun before the expiration of his term, but the office devolves on the successor.   If the late sheriff holds for any purpose the office of sheriff, there would be two sheriffs in office at the same time in violation of the Constitution.

Before the adoption of the Constitution of 1821, or 1846, the legislature had authorized the late sheriff to complete the execution of process begun before his term expired, and we must assume that the provisions of the Constitution were adopted in view of and in harmony with such legislation, or there would have been a prohibition on the granting of any such power.

If the section of the Revised Statutes applies to the case of the death of one who has been sheriff, but to whom a successor has been appointed or elected, then his under sheriff would remain in office until a successor to the late sheriff should be elected or appointed, an event that could never occur.   A late sheriff can have no successor.

These incongruities can only be avoided by holding the

Newman *v.* Beckwith.

section under consideration to apply to vacancies occurring during the term for which the sheriff is elected or appointed.

But if the section does not embrace the case of the death of one who has been sheriff, and who has in his hands an unexecuted process, there then is no person authorized to execute process after the death of the late sheriff, for in the absence of legislation authorizing the continuance of the power of an under or deputy sheriff, like the power of any other agent, it terminates at the death of the principal.

It is unnecessary to say, that to hold the powers of the under sheriff as terminating on the death of his principal, there would be no security against an abuse of power or neglect of duty. To prevent such mischief, we must hold that upon the death of a late sheriff after the election and qualification of his successor, section 72 applies, and the under sheriff has vested in him the powers of the late sheriff as to all business in the hands of either unfinished.

It follows that all acts and omissions of the under sheriff, which if done, or omitted by the late sheriff, whereby persons sustain damages, would be breaches of the bond of the latter, and his sureties are liable for such damages; and the sureties of the under sheriff are liable upon their bond for such damages to the representatives of the sheriff. I can only justify this construction on the ground of its necessity and on the further ground that such would seem to have been the construction given to the section in question ever since the adoption of the Revised Statutes.

If we are right in the construction given to section 72, this action cannot be maintained. The late sheriff must be deemed to be in office, and the relation of principal and agent still existing, and when that is the case, the under sheriff or agent cannot be sued for misfeasance or nonfeasance in office. The action must be brought against the principal and his bail. ( *Walden* v. *Davison*, 15 W., 575; *The People* v. *Dunning*, 1 W., 17.)

It is said by the chancellor, in *Mason* v. *Sudam* (2 J. C. R., 172, 179), if a sheriff seizes property under

execution, and dies before execution is completed, his representatives are responsible for the property sequestered. The statute recognizes this rule of the common law and gives it effect through the under sheriff, but leaves the representa tives of the deceased sheriff liable. In the case cited, the legislature passed a law authorizing the executors of the late sheriff to execute deeds of lands sold by the sheriff in his lifetime.

This conclusion renders it unnecessary to examine any other question in this case. The judgment must be reversed and new trial ordered, costs to abide event.

Judgment reversed.